# United States Court of Appeals for the Fifth Circuit

---

No. 25-11092
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
July 1, 2026

Lyle W. Cayce
Clerk

STEVEN D. MAGEE,

*Plaintiff—Appellant*,

*versus*

VARSITY BRANDS HOLDING COMPANY, INCORPORATED; ADAM BLUMENFELD; JERRY GARCIA,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-833

---

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

Steven D. Magee, proceeding pro se, appeals the district court's dismissal of his civil action. On appeal, Magee contends that the district court erred in not piercing the corporate veil and in dismissing his breach-of-contract and trademark claims.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-11092

Under Texas law, a party to an agreement generally may not pierce the corporate veil unless the party demonstrates that the entity was "used for the purpose of perpetrating and did perpetrate an actual fraud." TEX. BUS. ORGS. CODE ANN. § 21.223(b); *see* TEX. BUS. ORGS. CODE ANN. § 21.224 (providing that § 21.223 preempts common law veil piercing). "[A] party may pierce an entity's corporate veil if it establishes that the entity's owner perpetrated an actual fraud for his direct personal benefit." *Thomas v. Hughes*, 27 F.4th 995, 1016 (5th Cir. 2022) (internal quotation marks and citation omitted).

Although pro se filings are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Magee argues that he offered substantial documentary evidence indicating that Varsity Brands Holding Company, Incorporated, and BSN Sports, LLC do not operate as separate entities. However, by failing to address or identify any error in the district court's finding that his allegations of fraud were conclusory, Magee has abandoned any possible challenge to this finding. *See Brinkmann*, 813 F.2d at 748.

In light of the foregoing, the judgment of the district court is AFFIRMED. Magee's motions for remand and stay of appeal are DENIED.